## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY ED BILLINGS,**<br>***Individually and as Special Administrator***<br>***of the Estate of* Judy Billings,**<br><br>Plaintiff,<br><br>v.<br><br>**MANORCARE OF WICHITA, KS LLC,**<br>**et al.,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 21-cv-2295-KHV-TJJ<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This action arises out of the care and treatment Decedent Judy Billings received while residing at a skilled nursing facility. The facility was known as Manorcare of Wichita when Decedent began residing there, but the facility was later sold and became known as Wichita Operations. Plaintiff alleges Ms. Billings' death was caused by a pressure ulcer she developed while residing at the facility. The Complaint includes several claims against seven Defendants; against HCR Manor Care Services, LLC, Plaintiff brings claims for wrongful death (Count I) and negligence (Count II).[1]

This matter is before the Court on Defendant HCR Manor Care Services, LLC's Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (ECF No. 32). The motion asserts portions of the Complaint are impermissibly vague as pleaded against HCR Manor Care Services, LLC ("HCR Services"). For the reasons set forth below, the Court will deny the motion.

---

[1] Plaintiff also asserts Counts I and II against Defendants Manorcare of Wichita KS, LLC; HCR Manorcare, Inc. (Delaware); HCR Manorcare, Inc. (Ohio); and ProMedica Health System, Inc. Along with movant HCR Manor Care Services, LLC, these Defendants are collectively referred to as "Manorcare Defendants."

## I.      Legal Standard

Under Fed. R. Civ. P. 12(e), a motion for more definite statement "must point out the defects complained of and the results desired." Rule 12(e) provides that an order requiring a more definite statement of a pleading is appropriate when the pleading to which the party is required to respond is "so vague or ambiguous that the party cannot reasonably prepare a response." Whether to grant or deny a motion for a more definite statement is within the sound discretion of the court.[2] In this district, such motions are disfavored and "are properly granted only when a party is unable to determine the issues" to which the party must respond.[3] They should not be granted in cases where a pleading merely "lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[4] "Fed. R. Civ. P. 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail."[5] And a motion for a more definite statement should not be used as a method of pretrial discovery.[6]

## II.     Analysis

HCR Services contends the Complaint fails in two major respects, both a result of the Complaint including HCR Services in allegations leveled against either the collective

---

[2] *Graham v. Prudential Home Mtg. Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

[3] *Resolution Trust Corp. v. Thomas*, 837 F. Supp. 354, 356 (D. Kan. 1993).

[4] *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155–56 (D. Kan. 2004) (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. Civ. A. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)).

[5] *Ewing v. Andy Frain Sec. Co.*, No. 11-cv-2446-JAR-DJW, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012) (citing *Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08–4126–JAR, 2009 WL 484491, at * 1 (D. Kan. Feb. 26, 2009)).

[6] *Blair v. Transam Trucking, Inc.*, No. 09-2443-EFM-DWB, 2010 WL 11565145, at *2 (D. Kan. June 7, 2010) (citing *Hix Corp. v. Nat'l Screen Printing Equip., Inc.*, No. 00-2211-KHV, 2000 WL 1026351, at *1 (D. Kan. July 6, 2000)).

"Manorcare Defendants" or the collective "Manorcare Corporate Defendants."[7]  First, HCR Services asserts the Complaint does not allege a factual basis to support claims of wrongful death, negligence and/or vicarious liability specifically against HCR Services. Defendant describes the Complaint's allegations regarding wrongful death and negligence as boilerplate, arguing they fail to allege with specificity to what extent HCR Services owed a duty to Plaintiff. Similarly, HCR Services asserts the Complaint sets forth generalized allegations against the "Manorcare Corporate Defendants" but fails to allege facts that could support claims of joint venture or joint enterprise specifically against HCR Services. Again referring to the allegations of agency as boilerplate, HCR Services asserts it is unable to prepare a meaningful response or set forth appropriate defenses.[8]

### A.     Wrongful death and negligence claims.

Despite the characterization of the allegations against it as boilerplate and lacking specificity, HCR Services lists 21 paragraphs in its Statement of Facts, all taken from the Complaint, which explicitly address the Manorcare Defendants' duties to the decedent. HCR Services cites a single case to support its argument that the Complaint lacks a factual basis to satisfy an allegation that HCR Services owed a duty to the decedent. In *Bartlett v. Utah*, No. 2:06-CV-00048 PGC, 2006 WL 1767136 (D. Utah June 23, 2006), plaintiff asserted 15 causes of action against seven named defendants plus 25 "John Doe" defendants. The claims arose out of plaintiff's termination from employment by a community college, and ranged from libel and

---

[7] The "Manorcare Corporate Defendants" include HCR Manorcare, Inc. (Delaware); HCR Manorcare, Inc. (Ohio); Promedica Health System, Inc.; and HCR Services.

[8] In its reply, HCR Services raises a new issue, arguing the Complaint fails to conform to the federal pleading standards referred to generally as the *Twombly/Iqbal* standard. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The Court will not consider a new argument raised by way of a reply brief. But even if the argument were timely, it is unavailing. The Complaint satisfies the plausibility requirement of the pleading standard.

slander to age discrimination, and from violations of various constitutional rights to intentional interference with economic relations. The named defendants were the State of Utah, the community college, the Utah State Auditor, and four individuals. Except for one cause of action, the complaint asserted every cause of action against every defendant. Defendants brought a motion for more definite statement, asserting the complaint was so vague they could not properly respond without knowing which causes of action plaintiff intended against which defendant. The court granted the motion, noting most of plaintiff's claims arose from specific incidents or personal interactions with individual defendants. The court directed plaintiff to identify which individual defendants were responsible for which causes of action alleged in his complaint.

In contrast, the Manorcare Defendants appear in only two of the Complaint's seven counts—those for wrongful death and negligence. HCR Services does not contend the Complaint is deficient in alleging the elements of wrongful death or negligence causes of action, but merely that HCR Services cannot ascertain the factual basis for how the allegations apply to it. As Plaintiff points out, however, the following paragraphs in the Complaint provide the basis for HCR Services' role in the wrongful death and negligence claims:

> 60.    From the time of Resident's admission through November 30, 2018, HCR Manorcare Services, LLC, and/or individuals or entities acting on its behalf owned, operated, managed, maintained, and/or controlled – in whole or in part – Manorcare of Wichita KS, LLC – which is a Kansas licensed nursing home by exercising final authority over (1) staffing budgets; (2) the development and implementation of nursing policies and procedures; (3) the hiring and firing of the administrator; (4) appointing the governing body that is legally responsible for establishing and implementing policies regarding the management and operation of the facility.

> 61.    These actions and decisions had a direct impact on the care provided to all residents including Resident and caused the injuries at issue in this lawsuit.

> 62.    Moreover, HCR Manorcare Services, LLC, and/or individuals or entities acting on its behalf operated, managed, maintained, and/or controlled Manorcare of Wichita KS, LLC by binding Manorcare of Wichita KS, LLC to contracts with related parties –as defined by the Centers for Medicare and Medicaid Services – for dollar amounts that far

exceeded the fair value of those services and resulted in funds being diverted out of the facility that could and should have been utilized to hire sufficient number of nursing staff.

63.     HCR Manorcare Services, LLC owed a duty to Resident to use reasonable care for Resident's safety while under its care and supervision at Manorcare of Wichita KS, LLC.

64.     These actions and business decisions had a direct impact on the care provided to all residents including Resident and caused the injuries at issue in this lawsuit.

The Complaint provides HCR Services sufficient notice of the grounds of the wrongful death and negligence claims, including the basis for HCR Services' alleged duty to the decedent. The claims alleged are sufficiently specific to enable HCR Services to prepare a responsive pleading in the form of a denial or admission.[9]  Accordingly, the Court will deny the motion insofar as it seeks a more definite statement relative to the wrongful death and negligence counts.

### B.     Joint venture/joint enterprise

HCR Services contends the Complaint fails to provide sufficient notice of the grounds for claiming HCR Services is part of a joint venture/enterprise, but instead only refers to the parties as "Manorcare Corporate Defendants." A review of the Complaint reveals this argument is without merit. The Complaint includes a section detailing allegations directed to the Manorcare Corporate Defendants' liability for acting or operating in a joint venture/enterprise. The 13 paragraphs in this section contain specific allegations of how the Manorcare Corporate Defendants directed, operated and managed the day-to-day functions of their nursing facilities (including the facility where the decedent resided) by developing and implementing policies, practices and procedures affecting all aspects of the facility, including resident care. The Complaint identifies and describes in detail the policies, practices and procedures that affect resident care. In addition, the Complaint details how the Manorcare Corporate Defendants

---

[9] *See Advantage Homebuilding, LLC*, 2004 WL 433914, at *1.

allegedly conducted themselves in a manner that indicated a joint venture/enterprise among themselves, the actions they took in furtherance thereof, and their equal right to share in the profits and bear liability for the joint venture/enterprise.[10] No basis exists to conclude HCR Services is unable to ascertain the factual basis of Plaintiff's joint venture/enterprise claims. Accordingly, the motion is denied to the extent it seeks an order requiring a more definite statement with respect to allegations of joint venture/enterprise.

**IT IS THEREFORE ORDERED** that Defendant HCR Manor Care Services, LLC's Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (ECF No. 32) is denied.

**IT IS FURTHER ORDERED** that Defendant HCR Manor Care Services, LLC shall file its Answer to Plaintiff's Complaint within 14 days of the date of this order.[11]

**IT IS SO ORDERED.**

Dated this 8th day of November, 2021 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[10] *See* ECF No. 1 ¶¶ 143-55.
[11] *See* Fed. R. Civ. P. 12(a)(4)(A) (after denial of a motion, the responsive pleading must be filed within 14 days).