IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY ED BILLINGS,** *individually and as special Administrator of the estate of* **Judy Billings,** <br><br> Plaintiffs, <br><br> v. <br><br> **MANORCARE OF WICHITA, KS LLC;** <br> **HCR HEALTHCARE, LLC;** <br> **HCR MANORCARE SERVICES, LLC;** <br> **WICHITA OPERATIONS ASSOCIATES, LLC; CENTERS FOR CARE, LLC** <br><br> Defendants. | Case No. 2:21-cv-02295-KHV-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Request for Sanctions Against Wichita Operations Associates, LLC and Its Counsel for Failing to Abide by Their Obligations Under Fed. R. Civ. P. 26(g) Regarding Plaintiffs' Request for Production of a Credit Agreement (ECF No. 115). Plaintiff[1] asks the Court to impose sanctions on Defendant Wichita Operations Associates, LLC ("Operations") and its counsel because Operations revealed in its supplemental response to Plaintiff's request in a Rule 30(b)(6) deposition notice that a particular document does not exist. Operations opposes the motion. For the reasons set forth below, the Court will deny Plaintiff's motion.

---

[1] Although Henry Ed Billings appears both individually and as special administrator of the estate of Judy Billings with the case caption reflecting each as a separate party, in this Memorandum and Order the Court will refer to him as a singular Plaintiff.

I.     **Relevant Background**

On February 5, 2022, Plaintiff served a 30(b)(6) deposition notice on Operations, and Operations served its objections on March 7, 2022. Counsel agreed Operations would produce documents before the deposition and would later meet and confer regarding any outstanding documents. The deposition went forward on May 13, 2022. On May 27, 2022, Plaintiff filed a Motion to Compel Discovery[2] that challenged Operations' objections to Request Nos. 7, 8, and 13.

In the Court's Memorandum and Order granting Plaintiff's Motion to Compel Discovery,[3] the Court overruled Operations' objections. Operations had objected to Request No. 8 on grounds of relevance, undue burden, and proportionality, along with posing general objections to all requests. The Court thus ordered Operations to provide documents responsive to Request No. 8.

Operations moved for an extension of time of 20 days to produce the documents responsive to each of the challenged requests in Plaintiff's Motion to Compel. Although Plaintiff agreed to the additional time, the agreement was paired with a warning that counsel would move for sanctions if Operations later said it did not have documents responsive to any category the Court ordered it to produce. The Court granted Operations' motion.[4] Operations then asked Plaintiff to agree to a 7-day extension of time and moved for the same. Plaintiff responded to the motion and asked the Court to impose sanctions on Operations for the delay, in part because Plaintiff did not want to participate in the mediation scheduled for two days later without having

---

[2] ECF No. 93.
[3] ECF No. 104.
[4] ECF No. 106.

2

the documents to review. Operations filed a reply and the Court granted the motion for extension of time, finding sanctions would not be warranted if Operations produced responsive documents by the new deadline.[5]

On October 10, 2022, Operations served its supplemental responses to the three requests that were the subject of Plaintiff's motion to compel. For two of the requests, Operations also produced the documents identified therein. In its supplemental response to Request No. 8, Operations stated it had concluded it has no documents responsive to the request because Operations had not entered into a credit agreement as defined by the request.[6]

## II. Duty to Confer

Within hours of receiving Operations' supplemental responses and document production, Plaintiff's counsel sent an email to Operations' counsel which began with "I warned you. Sanctions motion coming tomorrow."[7] The following day, Plaintiff filed this motion seeking relief under Fed. R. Civ. P. 26. Plaintiff makes no mention of having attempted to meet and confer before filing the motion, and Defendant claims there was no attempt.

In his reply, Plaintiff identifies communications between counsel on March 23, 2022 – some six-and-a-half months earlier – as evidence the parties conferred. But the subject of these communications was Plaintiff's assertion that the credit line was discoverable information, which the Court addressed in ruling on Plaintiff's motion to compel. With respect to the instant motion for sanctions, it is apparent the parties did not confer, nor did Plaintiff make a reasonable effort

---

[5] ECF No. 114.
[6] ECF No. 115-3.
[7] ECF No. 115-2 at 7.

to do so as required by Local Rule 37.2.[8]

While the Court could refuse to consider the motion for failure to comply with Local Rule 37.2, the Court recognizes the circumstances do not lend themselves to resolution through conferral. Plaintiff complains that Operations had an obligation to look for documents evidencing a credit line before objecting to the request, and failure to do so constitutes discovery abuse. Conferring would not have made the documents appear, nor could it have turned back the clock such that Plaintiff could have learned earlier that Operations had no credit line in place. But the Court cautions Plaintiff against asserting conferral took place with respect to the motion at hand when the facts demonstrate otherwise.

## III.  Analysis

Plaintiff asserts a single argument: Operations had a duty to conduct a search for a document responsive to Request No. 8 before objecting to the document as irrelevant and maintaining the objection through the briefing on Plaintiff's motion to compel. Plaintiff quotes passages from case law, advisory committee notes, counsel's communications, and the scheduling order entered in this case, but the only effect Plaintiff asserts in a conclusory manner is a delay in discovery and increased time and costs associated with this lawsuit. Plaintiff provides no explanation of how he has been harmed by either a delay in learning no credit line exists, or by the fact of its nonexistence. The Rule 30(b)(6) deposition of Operations went forward as noticed on May 13, 2022, and there is no indication Plaintiff stated an intent to keep

---

[8] "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, . . ., unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." The rule was amended effective 12/1/2022, but no change was made to the quoted language.

the deposition open for further inquiry related to the three requests to which Operations had objected.

Moreover, during a Status Conference on November 18, 2022, the Court asked Plaintiff's counsel if he intended to take another corporate deposition of Operations. Counsel said it would not be necessary because he had obtained the information he needs through fact witness depositions. Plaintiff has not demonstrated any harm or prejudice he suffered by not receiving documents responsive to Request No. 8.

The Court is not suggesting a "no harm no foul" result is appropriate. However, the circumstances surrounding this discovery lead the Court to conclude the motion should be denied. Plaintiff has been quick to threaten sanctions motions if he did not obtain the response he wanted, and indeed this is his second request for sanctions against Operations arising out of the same discovery issue. Plaintiff's briefs are long on quotations of law but short on applying the law to the facts. And Plaintiff's admission during the recent hearing that he does not need the documents he requested in Request No. 8 underscores the lack of true conflict. Accordingly, the motion will be denied.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Request for Sanctions Against Wichita Operations Associates, LLC and Its Counsel for Failing to Abide by Their Obligations Under Fed. R. Civ. P. 26(g) Regarding Plaintiffs' Request for Production of a Credit Agreement (ECF No. 115) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2022, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge