IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HENRY ED BILLINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 21-2295-KHV |
| **MANORCARE OF WICHITA, KS LLC;** | ) | |
| **HCR HEALTHCARE, LLC; HCR** | ) | |
| **MANORCARE, INC; PROMEDICA HEALTH** | ) | |
| **SYSTEMS, INC; HCR MANORCARE** | ) | |
| **SERVICES, LLC; WICHITA OPERATIONS** | ) | |
| **ASSOCIATIONS, LLC; CENTERS FOR** | ) | |
| **CARE, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Unopposed Joint Motion To Seal Exhibits Of Wrongful Death Settlement (Doc. #159) filed May 15, 2023. For reasons stated below, the Court overrules defendants' motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular

and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

The parties seek an order which permanently seals the exhibits which plaintiff submitted in support of his application for approval of the settlement in this wrongful death case and disclose the amount of the settlement. See Provisionally Sealed Exhibit 1 (Doc. #154) and Provisionally Sealed Exhibit 2 (Doc. #155), both filed May 10, 2023. The parties argue that the Court should enforce the confidentiality provisions which create value in the settlement for both parties. The parties note that confidential settlements help lessen the damage to a defendant's reputation and allows a plaintiff to negotiate a higher settlement amount. The parties also assert that judicial enforcement of confidentiality provisions increases the number of cases that settle, which in turn saves judicial resources. The Court recognizes that preserving the confidentiality of settlement agreements may encourage settlement of pending cases. Even so, public access to the settlement terms of lawsuits might equally encourage resolution of disputes before claimants file a lawsuit. In any event, in addition to the general interest of public access, the public has an interest in the settlement of a case involving nursing home care which is largely publicly funded through Medicaid and Medicare. Indeed, in this case, the federal Medicare program asserts a lien on the settlement proceeds. On balance, the parties have not shown how their interest in keeping the terms of their agreement confidential outweighs the public interest in access. See Colony Ins., 698 F.3d at 1242. The Court therefore overrules defendants' motion to seal.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Joint Motion To Seal Exhibits Of Wrongful Death Settlement (Doc. #159) filed May 15, 2023 is **OVERRULED**.

-3-

Dated this 17th day of May, 2023 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                   KATHRYN H. VRATIL
                                                   United States District Judge